# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ANTHONY RAMIREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:15-CV-449-PRC |
| | ) |
| STATE FARM MUTUAL AUTOMOBILE | ) |
| INSURANCE COMPANY and | ) |
| DOUGLAS BRADLEY II, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand to State Court [DE 6], filed by Plaintiff Anthony Ramirez on December 15, 2015. The motion is fully briefed and ripe for ruling.

This matter was filed in the Porter County, Indiana, Superior Court on November 10, 2015. The Complaint alleges that Plaintiff is a resident of Porter County, Indiana, and that the transaction or occurrence took place in Indiana. Although Plaintiff names both State Farm Mutual Automobile Insurance Company and Douglas Bradley II as Defendants, the allegations in the Complaint refer to "Defendant" in the singular, Bradley is not named in the body of the Complaint, and there are no individual allegations against Bradley or an insurance agent. Plaintiff alleges that, on March 30, 2015, "Defendant" and Plaintiff entered into a contract for "Defendant" to provide automobile insurance. In Count I, Plaintiff alleges that "Defendant" breached the contract by failing to provide Plaintiff coverage to which he is entitled under the policy in relation to an incident that occurred on May 12, 2015. In Count II, Plaintiff alleges that "Defendant," as the insurer, breached its duty and obligation of good faith and fair dealing to its insured, Plaintiff.

On December 11, 2015, Defendants removed the case to this Court based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441. By statute,

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). For purposes of diversity jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–(1) citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). When removal is based on diversity of citizenship, the "civil action . . . may not be removed if any of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added).

"The party seeking removal has the burden of establishing federal jurisdiction." *Schur v. L.A. Weight Loss Ctrs.*, 577 F.3d 752, 758 (7th Cir. 2009). The Seventh Circuit Court of Appeals has cautioned that doubts regarding removal are resolved in favor of the plaintiff's choice of forum. *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013).

In the notice of removal, Defendants assert that diversity of citizenship exists because Plaintiff is a citizen of the State of Indiana and Defendant State Farm is a citizen of the State of Illinois. As for Defendant Douglas Bradley II, who is a citizen of the State of Indiana, Defendants argue that he was fraudulently joined in state court for the purpose of defeating diversity jurisdiction and preventing removal. Defendants also contend that the amount in controversy exceeds $75,000.00, attaching Plaintiff's pre-removal settlement demand of $100,000.00. In the motion for remand, Plaintiff does not dispute that State Farm is a citizen of Illinois. Rather, Plaintiff argues that the presence of Defendant Douglas Bradley II, a citizen of Indiana, destroys diversity of citizenship

2

and that he was not fraudulently joined. As for the amount in controversy, Plaintiff contends that Defendants' failure to respond to the settlement offer means that the case is valued at $0.00.

First, the Court considers whether Defendant Douglas Bradley II was fraudulently joined and finds that he was. A plaintiff "may not join an in-state defendant solely for the purpose of defeating federal diversity jurisdiction." *Schwartz v. State Farm Mut. Aut. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999) (citing *Gottlieb v. Westin Hotel*, 990 F.2d 323, 327 (7th Cir. 1993)); *see Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011). "To establish fraudulent joinder, a removing defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (emphasis in original omitted). In other words, the defendant must show that the plaintiff's claim has "no chance of success" against the non-diverse defendant. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).[1] This is a "heavy burden." *Morris*, 718 F.3d at 666; *Poulos*, 959 F.2d at 73. If the defendant meets its burden, "the federal court considering removal may disregard, for jurisdictional purposes, the citizenship of [those] nondiverse defendants, assume jurisdiction over [the] case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Morris*, 718 F.3d at 666; *Poulos*, 959 F.2d at 73.

Defendants contend that there is no chance that Plaintiff will be successful in recovering against Bradley on the breach of contract claim because Plaintiff cannot state a claim against Defendant Bradley, arguing that Bradley was not a party to the insurance contract between Plaintiff

---

[1] Plaintiff mistakenly cites the standard for post-removal joinder of a non-diverse party, which is governed by 28 U.S.C. § 1447(e). (Pl. Br. 2 (citing *Carpenter v. Menard, Inc.*, No. 2:14-CV-113, 2014 WL 5465747 (N.D. Ind. Oct. 28, 2014); *Villafuerte v. Decker Truck Line, Inc.*, No. 2:14-CV-177, 2015 WL 846521 (N.D. Ind. Feb. 26, 2015)).

and Defendant State Farm but was rather State Farm's agent and that Plaintiff has not made any allegations against Bradley as an individual.

Although Plaintiff's Complaint brings both a claim of breach of the insurance contract in failing to provide coverage following the incident in Count I and a claim for bad faith denial of the insurance claim in Count II, Plaintiff's Motion to Remand indicates that Plaintiff is pursuing only the breach of contract claim against Bradley. The elements of a breach of contract claim in Indiana are the existence of a contract, the breach of the contract by a party thereto, and damages. *Fowler v. Campbell*, 612 N.E.2d 596, 600 (Ind. Ct. App. 1993). Plaintiff alleges that there is an insurance contract, that "Defendant" breached the contract, and that Plaintiff suffered damages.

However, Plaintiff's Motion to Remand based on Bradley's non-diverse citizenship is premised on the mistaken assumption that Bradley is a party to the insurance contract. Plaintiff argues in the motion as well as the reply, without any citation to law, that Bradley is a party to the contract because he negotiated the terms of the agreement with Plaintiff and he entered into the agreement with Plaintiff.

"Under Indiana law, an agent acting within the scope of his authority is not personally liable in carrying out a contractual obligation of the principal." *JMB Mfg., Inc. v. Child Craft, LLC*, 799 F.3d 780, 786 (7th Cir. 2015) (citing *Greg Allen Constr. Co. v. Estelle*, 798 N.E.2d 171, 173 (Ind. 2003)). More specifically, an insurance agent is not a party to the insurance contract for purposes of liability arising out of the contract under Indiana law. *See Schwartz*, 174 F.3d at 878-79;[2] *compare*

---

[2] In *Mintz*, which concerned allegations that the agent was negligent in *procuring* the insurance for the insured–a context different than the one in this case, the Indiana Supreme Court explained, "A party who negotiates an insurance contract to cover someone else's risk is acting as an agent for either the insured or the insurer." *Estate of Mintz v. Conn. Gen. Life Ins. Co.*, 905 N.E.2d 994, 1000-01 (Ind. 2009). Because the term "insurance agent" is often used loosely, the court clarified that, unlike an "insurance broker" who works for the insured, the "'insurance agent' represents an insurer under an employment agreement by the insurance company" and the "'acts of an [insurance] agent are imputable to the

4

*Tafco Corp. v. SMA Life Assurance Co.*, No. 85 C 4479, 1985 WL 2109, at *1 (N.D. Ill. July 11, 1985) (affirming removal after dismissing non-diverse insurance agent in a breach of insurance contract case on the basis that, under Illinois law, an agent acting for a disclosed principal is not personally liable on a contract for the principal unless he so agrees). Although the claim against the individual agent in *Schwartz* was a tort claim for bad faith denial of an insurance claim and not breach of contract, the court found that the individual insurance agent was not individually liable because the duty underlying the tort of bad faith denial of insurance claims arises from the "unique character of the insurance contract" and the agent was not a party to the insurance contract. *Id*. at 879.[3]

In this case, all of the alleged facts indicate that Bradley, the insurance agent for State Farm, is not a party to the contract. First, although the Complaint lists Bradley in the caption of the Complaint, nowhere in the body of the Complaint is Bradley mentioned by name. There is no mention of an insurance agent or any action of an insurance agent in the body of the Complaint. All the allegations are brought against a singular insurer "Defendant," which would be State Farm. Second, Exhibit A to the Complaint includes the State Farm "Temporary Auto Identification Card"

---

insurer.'" *Id*. at 1001.

[3] Although Plaintiff does not assert that he is bringing the bad faith claim in Count II against Bradley as an individual, the Court nevertheless finds that Bradley is not a proper defendant on that claim. In *Schwartz*, a Seventh Circuit Court of Appeals case applying Indiana state law on a motion for summary judgment, the individual insurance agent who had denied the insurance claim was found to have been fraudulently joined in the action with Defendant State Farm and, as a result, removal was proper. *Schwartz v. State Farm Mut. Aut. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999). The court recognized that, although the bad faith denial of an insurance claim is considered a tort in Indiana, the tort had been applied only to insurance companies and not their individual employees. *Id.* The plaintiffs had not identified any cases from any jurisdiction recognizing individual liability of an agent for bad faith denial of an insurance claim; the plaintiffs identified no facts indicating that the individual himself acted in bad faith beyond complying with the terms of the State Farm policy; and the plaintiffs identified no duty that the individual owed them because the duty that underlies the tort of bad faith denial of insurance claims arises from the "unique character of the insurance contract" itself. *Id*. at 878-89 (quoting *Erie Ins. v. Hickman*, 622 N.E.2d 515, 518 (Ind. 1993)). Thus, in *Schwartz*, because the employee was not a party to the insurance contract, the employee did not owe a special duty to the plaintiffs. *Id*.

as well as the "Binder for State Farm Automobile Insurance." (Compl. (Exh. A, p. 1, 2)). Both documents identify the insurer as State Farm, the "applicant" or "insured" as Plaintiff, and the "agent" as Bradley.[4] The "Receipt of Payment," with the State Farm logo at the top, is signed by Douglas Bradley over the words "Authorized Signature: Douglas Bradley." *Id*. at p. 3. The Binder provides that "State Farm Mutual Automobile Insurance Company of Bloomington, Illinois, hereby binds coverage for the insurance applied for as of the requested effective date . . . ." *Id.* at p. 2. In fact, Plaintiff relies on State Farm's admission in its Notice of Removal that Bradley is an agent of State Farm, which is based on the same documents attached to the Complaint. *See* (Pl. Br., p. 4). Plaintiff has identified no facts to support a claim that Bradley is a party to the insurance contract either in the Complaint or the Motion to Remand. Moreover, Plaintiff has not cited a single case, from any jurisdiction, in which the insurance agent who signed an insurance contract as the agent of the insurance company is held personally liable for the denial of an insurance claim under a breach of contract theory.

Plaintiff attempts to analogize the instant case to *Carpenter v. Menard*. (Pl. Br. 2-3 (citing *Carpenter v. Menard, Inc.*, No. 2:14-CV-113, 2014 WL 5465747 (N.D. Ind. Oct. 28, 2014)). However, *Carpenter* was a slip and fall negligence case, not a contract case, and the plaintiff included factual allegations against the individual store manager that the manager was on notice of the problems with the floor scrubbing equipment and failed to correct the problem, leading to the plaintiff's fall.

---

[4] Plaintiff contends that the declarations sheet of the insurance policy, which Plaintiff attached to the Complaint as Exhibit A and then Defendants included as part of its Exhibit A to the Notice of Removal, does not include State Farm's Illinois address. (Pl. Br. 4). This is incorrect. At the bottom of the declarations sheet, State Farm Mutual Automobile Insurance Company is identified as from Bloomington, Illinois. (Def. Notice of Removal (Exh. A, p. 6)).

Yet, Plaintiff does not allege any facts against Bradley in his role as insurance agent that might support another claim such as failure to advise, negligence, fraud, or other tort, in either the Complaint or the Motion to Remand. *See Estate of Mintz v. Conn. Gen. Life Ins. Co.*, 905 N.E.2d 994, 999 (Ind. 2009) (finding that the independent insurance broker, who was not an employee or agent of the insurer, could be joined when the plaintiff alleged that the independent broker was individually negligent and a proximate cause of the plaintiff's damages); *see also Likens v. Menard, Inc.*, No. 15 C 2959, 2015 WL 3961635, at *3 (N.D. Ill. June 26, 2015) (granting remand having found that the plaintiff sufficiently alleged facts indicating that the unknown employee defendant owed the plaintiff a duty independent of the duties the employee owed the employer in a negligence action to make a finding that the employee had not been fraudulently joined in state court); *Indiana Restorative Dentistry, P.C. v. Laven Ins. Agency, Inc.*, 27 N.E.3d 260 (Ind. 2015) (addressing the tort duty of the insurance agency arising out of a "special relationship" with the plaintiff and a breach of contract by the insurance agency for failing to procure the proper coverage for the plaintiff).

Because there is no realistic possibility that Plaintiff may recover against Bradley, the Court finds that Douglas Bradley II is fraudulently joined. Diversity of citizenship exists as Plaintiff is a citizen of Indiana and Defendant State Farm Mutual Automobile Insurance Company is a citizen of Illinois.

Second, Plaintiff argues that Defendant has not met its burden on removal of demonstrating that the amount in controversy exceeds $75,000.00. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006) (reiterating that the "removing defendant, as proponent of federal jurisdiction, must establish what the plaintiff stands to recover"). The amount in controversy must

exceed $75,000.00 at the time of removal. *See In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992). The defendant can meet this burden through "contentions interrogatories or admissions in state court; by calculation from the complaint's allegations . . .; by reference to the plaintiff's informal estimates or *settlement demands* . . .; or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands . . . ." *Meridian*, 441 F.3d at 541-42 (emphasis added). The determination of the amount in controversy is based on "what the plaintiff is claiming" and "not whether plaintiff is likely to win or be awarded everything he seeks." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005).

In this case, State Farm has offered Plaintiff's settlement demand of $100,000.00 to settle the matter prior to removal. In the Complaint, Plaintiff alleges that he "suffered serious injuries, permanent impairment, and lost wages." And, the uninsured motor vehicle policy limit in the insurance contract, which is attached to the Complaint, is $100,000.00 per person. Plaintiff's value of the case at $100,000.00 in the settlement demand is consistent with the allegations of the Complaint and the insurance contract. State Farm has met its burden of establishing the amount in controversy at the time of removal exceeds $75,000.00.

Plaintiff argues that State Farm's decision not to respond to the $100,000.00 settlement offer means that State Farm values the case at $0, and, thus, the amount in controversy is not met. But the relevant question is not what value State Farm gives the case but rather the value that Plaintiff is claiming at the time of removal, which in this case, is $100,000.00. Plaintiff also argues that State Farm ignored a Request for Admission that asked State Farm to admit that Plaintiff's damages are in excess of $75,000.00. State Farm timely responded to the request, denying that Plaintiff's

8

damages are in excess of $75,000.00 but admitting that the amount in controversy exceeds $75,000.00 as Plaintiff has demanded $100,000.00 in settlement. Again, State Farm's valuation of Plaintiff's damages is not controlling.

State Farm has demonstrated that the amount in controversy exceeds the $75,000.00 jurisdictional minimum.

Accordingly, ignoring the citizenship of Defendant Bradley, the Court finds that the requirements for diversity jurisdiction of diversity of citizenship and an amount in controversy exceeding $75,000.00 have been met. Because the Court has subject matter jurisdiction based on diversity jurisdiction, the Court dismisses Defendant Douglas Bradley and denies the Motion to Remand.

## CONCLUSION

Based on the foregoing, the Court hereby **DISMISSES** Defendant Douglas Bradley II as fraudulently joined and **DENIES** Plaintiff's Motion to Remand to State Court [DE 6]. The case **REMAINS PENDING** as to Defendant State Farm Mutual Automobile Insurance Company.

So ORDERED this 15th day of January, 2016.

                                                s/ Paul R. Cherry
                                                MAGISTRATE JUDGE PAUL R. CHERRY
                                                UNITED STATES DISTRICT COURT